ELLIS, Judge:
This suit arises out of an accident which happened on May 3, 1964, between a pickup truck owned and operated by Dave Dupree and an automobile operated by Alvis Baham, minor son of Lovell Baham. The original plaintiff was Leatha Dupree, wife of Dave Dupree, who was riding as a guest passenger in her husband’s truck. She and her husband were both deceased by the time of trial, and her six children have been substituted as parties plaintiff herein. Defendants are Lovell Baham, who owned the automobile driven by his son, and State Farm Mutual Insurance Company, his insurer.
After trial on the merits, oral reasons for judgment dismissing plaintiff’s suit were rendered by the trial judge, Honorable Ben N. Tucker. By stipulation, the judgment was signed by his successor in office, Honorable Gordon E. Causey. From that judgment, plaintiff has appealed.
The accident happened when Dave Du-pree attempted a left turn off of the highway into a lane leading to his church. It does not appear that the lane was a public thoroughfare. The Baham automobile, which was engaged in passing Dupree, struck the left front of the truck with its right front. According to the trooper who investigated the accident, the point of impact was about two feet off the traveled portion of the road on the left shoulder. The Baham vehicle came to rest off the left side of the road 12 to 15 feet past the point of impact. Damage to both vehicles was relatively minor.
The following findings by the trial judge are reflected by the minutes:
“The evidence shows that the deceased Leatha Dupree made a left hand turn in advance of the following vehicle at a time when it was unsafe to do so and that the defendant’s vehicle had entered the passing lane at such a time that the driver of same was unable to avoid the negligent action on the part of the driver of the Dupree vehicle.”
One witness, Dorothy Sawyer, testified that she was walking by the side of the road when Dave Dupree drove by her, signaling with his arm for a left turn. She said that the Baham car, traveling at 60 to 70 miles per hour, struck him as he was beginning his turn.
Dave Dupree, Jr. testified that he was coming toward the scene of the accident in his truck, and saw it happen. He saw a turn signal made by his father, and testified that the Baham vehicle came down the road in the left lane at a high rate of speed, and struck the Dupree truck after it began its turn.
Alvis Baham, and his two guest passengers, said that they were following the Dupree truck at a reasonable rate of speed, and pulled out to pass when the way was clear to do so. They said that Dupree *683 cut to the left in front of them without any signal as they were drawing abreast of him, and that Baham was unable to avoid the collision.
It is not contended that Dave Dupree was not negligent in making a left turn when the way was not clear for him to do so. The only question presented is that of the negligence of Alvis Baham. The district judge apparently was of the impression that Leatha Dupree was the operator of the truck, and did not specifically consider the latter question.
Plaintiffs contend that Alvis Baham was negligent in operating his vehicle at an excessive speed, and in failing to observe Dave Dupree’s turn signal. The trooper testified that the speed limit at the point of the accident was 60 miles per hour. The evidence does not preponderate to the effect that Baham was exceeding the limit. The relatively minor damage suffered by the vehicles and the short distance travelled by them past the point of impact would seem to indicate the contrary.
Plaintiffs’ two eye witnesses testified that Dave Dupree made a hand signal before commencing his left turn, and that Alvis Baham was operating his vehicle at an excessive rate of speed. Defendant’s witnesses testified that there was no hand signal and that Baham was driving at a reasonable rate of speed. Since the physical evidence does not support the hypothesis that Baham was speeding, we are of the opinion that plaintiffs have not proved their case by a preponderance of the evidence.
We can not find that plaintiffs have shown any improper driving on the part of Alvis Baham. We find that Dave Dupree’s negligence was the sole proximate cause of the accident, and that plaintiffs are not entitled to recover from defendants under the circumstances here presented.
The judgment appealed from is affirmed at plaintiffs’ cost.
Affirmed.